IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

J & J SPORTS PRODUCTIONS, INC., Licensee
of the Floyd Mayweather, Jr. v. Saul Alvarez WBC Light Middleweight
Championship Fight on September 14, 2013
2380 South Bascom Ave., Suite 200
Campbells, CA 95008

PLAINTIFF,

v.                                                                                           **CASE NO.**

MIMI & D, LLC
d/b/a Vita Lounge
Serve: Abeba Bayene, Registered Agent
1318 9th Street, N.W.
Washington, D.C. 20001

DEFENDANT.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, J & J SPORTS PRODUCTIONS, INC. (hereinafter "Plaintiff"), respectfully submits this complaint against the defendant named in the caption (hereinafter "Defendant"), and in support thereof states the following:

JURISDICTION AND VENUE

1.  Plaintiff files suit in this Court pursuant to 47 U.S.C. Section 553, et seq.

2.  This Court has subject-matter jurisdiction over this claim because the amount in controversy exceeds $100,000.00 Defendant's principal place of business is in the District of Columbia, Defendant's registered agent resides within the District of Columbia, and the violation in question occurred at the defendant's establishment known as "Vita Lounge", located at 1318 9th Street NW, Washington, DC 20001. 28 U.S.C. §§ 1331, 1332.

3. This Court has personal jurisdiction over the parties in this matter due to Defendant's violation of Plaintiff's rights as distributor of the transmission signal of the "The One": Floyd Mayweather, Jr. v. Saul Alvarez, WBC Light Middleweight Championship Fight, held on or about September 14, 2013. Defendant wrongfully intercepted or tortiously converted said transmission signal, and as a result, violated Plaintiff's property rights.

4. This Court has the authority to grant the damages and injunctive relief requested in this Complaint pursuant to Title 47 U.S.C. Section 553(c).

## THE PARTIES

5. The Plaintiff, J & J SPORTS PRODUCTIONS, INC., is a corporation involved in sports production.

6. Upon information and belief, the Defendant, MIMI & D, LLC, is an active corporation of, and has its principal place of business within, the District of Columbia

## COUNT I

7. Plaintiff, J & J SPORTS PRODUCTIONS, INC., by reference, hereby incorporates all of the allegations contained in paragraphs 1 through 6, as though set forth herein.

8. Plaintiff was granted, through contract, the right to distribute the live broadcast of the Floyd Mayweather, Jr. v. Saul Alvarez, WBC Light Middleweight Championship Fight, which took place on September 14, 2013. The broadcast was transmitted via closed circuit television and/or via encrypted satellite signal. Said event was originated via satellite uplink and was subsequently re-transmitted to cable systems and satellite companies via satellite signal (hereinafter referred to as the "Program").

9. Plaintiff incurred significant costs in securing the aforementioned contract in order to license the Program to various entities. These entities, in turn, made agreements with Plaintiff to publicly exhibit the Program to their patrons and to not sub-license such transmission of the Program.

10. Defendant and/or its agents, servants, or employees, knew or should have known that the Program was not to be received and exhibited by entities unauthorized to do so. Defendant violated Plaintiff's rights by unlawfully intercepting, receiving, and/or de-scrambling said satellite or cable signal and willfully exhibiting the Program, for commercial advantage or private financial gain, at Vita Lounge, located at 1318-9th Street NW, Washington, DC 20001.

11. Upon information and belief, Defendant and/or its agents, servants, or employees used an illegal satellite receiver, intercepted Plaintiff's signal and/or used an illegal cable converter box to intercept Plaintiff's broadcast, originating via satellite uplink, and then re-transmitted it via satellite or microwave signal to various cable and satellite systems.

12. Defendant willfully violated Title 47 U.S.C. 605(a), prohibiting the unauthorized reception and publication or use of communications, whereby granting the Plaintiff a right of action pursuant to 47 U.S.C. Section 553(c).

13. As a result of Defendant's willful violation of 47 U.S.C. Section 605(a), Plaintiff is entitled to damages, under Title 47 U.S.C. Section 605(e)(3)(C)(i)(II), of up to $110,000.00 against Defendant.

14. Plaintiff is also entitled to an award of full costs, interest, and reasonable attorney's fees against Defendant, pursuant to 47 U.S.C. Section 605.

## COUNT II

15. Plaintiff, by reference, hereby incorporates all of the allegations contained in paragraphs 1 through 14, as though set forth herein.

16. Title 47 U.S.C. Section 605(e)(4) prohibits a person from modifying or using any device, while knowing or having reason to know that such device is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or otherwise prohibited by Section 605(a).

17. Upon information and belief, Defendant and/or its agents, servants, or employees, knowingly modified or used equipment or a device, which it knew, or had reason to know, would be used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or other activity prohibited by Section 605(a). In doing so, Defendant was able to unlawfully exhibit the Program, without Plaintiff's permission, at Vita Lounge, in the District of Columbia.

18. Plaintiff has a right of action pursuant to 47 U.S.C. Section 605(e)(4) by reason of Defendant's willful violation of 47 U.S.C. Section 605(a).

19. Pursuant to 47 U.S.C. Section 605(e)(4), Plaintiff is entitled to damages of up to $500,000.00 against Defendant.

20. Plaintiff is also entitled to an award of full costs, interest, and reasonable attorney's fees against Defendant, according to 47 U.S.C. Section 605.

## COUNT III

21. Plaintiff, by reference, hereby incorporates all of the allegations contained in paragraphs 1 through 20, as though set forth herein.

22. Title 47 U.S.C. Section 553 prohibits the unauthorized interception or reception of any communication service offered over a cable system, such as the transmission for which Plaintiff had a right to license and distribute.

23. Upon information and belief, Defendant and/or its agents, servants, or employees, knowingly intercepted or received Plaintiff's unauthorized communication service, the Program, as it was offered and distributed via cable television.

24. Upon information and belief, Defendant willfully and illegally intercepted and exhibited said Program, for commercial advantage or financial gain, at 1318-9th Street NW, Washington, DC 20001, granting Plaintiff a right of action under 47 U.S.C. Section 553.

25. As a result of Defendant's willful violation of Section 553, Plaintiff is entitled to damages, pursuant to Sections 553(b)(2) and 553(c)(3)(A)(ii), of up to $60,000.00 plus full costs, interest, and reasonable attorney's fees.

## INJUNCTION

26. Plaintiff maintains that Defendant knew or should have known that the unauthorized exhibition of licensed events in a commercial establishment is illegal, and that Defendant will continue to violate Title 47 U.S.C. Section 553 et seq., and Section 605 et. seq., unless restrained by this Court.

27. As a result of Defendant's violations, Plaintiff suffered irreparable harm, in that Plaintiff cannot determine the overall amount of its lost revenue. This has caused and continues to cause Plaintiff injury to its reputation and goodwill, and to its ability to finance the

acquisition of future cable communication services. In doing so, Defendant's violations further impair Plaintiff's potential for future growth and profitability.

28. Plaintiff has no adequate remedy at law to redress Defendant's violation of Title 47 U.S.C. Section 553 et seq., and Section 605 et. seq.

WHEREFORE, the plaintiff, J & J SPORTS PRODUCTIONS, INC., requests that judgment and an injunction be entered in its favor against the Defendant, MIMI & D, LLC granting Plaintiff the following:

(A) Declare that Defendant violated the Federal Communications Act willfully and for the purpose of direct or indirect commercial advantage or for private financial gain by exhibiting the Floyd Mayweather, Jr. v. Saul Alvarez, WBC Light Middleweight Championship Fight, on September 14, 2013, without Plaintiff's authorization.

(B) On the first cause of action, statutory penalties in the amount of $110,000.00 against Defendant for its violation of 47 U.S.C. Section 605(a);

(C) On the second cause of action, statutory penalties in the amount of $500,000.00 against Defendant for its violation of 47 U.S.C. Section 605(e)(4);

(D) On the third cause of action, statutory penalties in the amount of $60,000.00 against Defendant for its violation of 47 U.S.C. Section 553;

(E) In accordance with the Federal Communications Act, enjoin Defendant, its agents, servants, employees, affiliated business entities, successors, assigns, and any entities or persons controlled directly or indirectly by it or acting on its behalf from the unlawful exhibition of licensed events, from aiding and abetting or engaging in the interception, divulgence, reception, or display of closed circuit television programming of Plaintiff and from

connecting, attaching, splicing into, tampering with or in any way obtaining Plaintiff's closed circuit signal without Plaintiff's express authorization.

    (F)    Attorney's fees, interest, costs of suit against Defendant pursuant to 47 U.S.C. Section 605(e)(3)(iii) and Section 553(c)(2)(C), together with such other and further relief as this Court may deem just and proper.

                                        Respectfully submitted,

                                        /S/ Charles F. Gormly

Charles F. Gormly   (452120)
ROSENTHAL GORMLY, CHTD.
5101 Wisconsin Ave., N.W., Suite 302
Washington, D.C. 20016
Phone: (202) 785-9773
Fax: (202) 265-7756
Attorney for Plaintiff

Date: August 29, 2016